■ In the Matter of the Estate of ALVIN M. ANDERSON, Deceased. DANIEL A. ISAACSON, as Executor of ALVIN M. ISAACSON, Deceased, Appellant; DORIS M. ANDERSON, Respondent.— Decree unanimously reversed, appeal from the order entered July 21, 1966, dismissed as academic, order entered September 12, 1966 affirmed insofar as it vacates the order entered July 21, 1966, and appeal from the second ordering paragraph of the order entered September 12, 1966, denying resettlement of the decree dismissed as relating to a nonappealable order (*Katz* v. *Katz*, 13 A D 2d 529), all without costs. Memorandum: The surviving spouse is not entitled to exercise her right of election against the will if, as appears here, she is given by will all to which section 18 of the Decedent Estate Law entitles her, and this is so even though the assets

in the estate are not sufficient to create a trust that can generate income. "Contrary to respondent's argument, the statute was not, and rationally could not have been, designed to guarantee any particular income or any particular standard of living to the surviving wife. The widow must accept her share of what her husband owned. If he died possessed of nothing, the widow, of course, would receive nothing. Similarly, if the husband died possessed of unproductive, unsaleable real estate, throwing off little, if any, income, the widow could not complain when she received one third of it outright or a legacy of $2,500 plus the one-third in trust. Her financial position may turn out to be disadvantageous, and cause for regret, but, unfortunately for her, Section 18 was not intended to assure her more than one-third of what her husband possessed when he died. By bequeathing to respondent the sum of $2,500 outright and also a life interest in a trust of one-third of the residue of the estate, the testator provided her with the requisite equivalent for her intestate share and fully complied with the demands of the statute." (*Matter of Shupack*, 1 N Y 2d 482, 487 [1956].) The Court of Appeals has ruled also in *Matter of Halpern* (303 N. Y. 33) that where the wife is provided for by will in accordance with the provision of section 18 of the Decedent Estate Law she has no right of election and that the right of election process is irrelevant with respect to the proceeding to decree *inter vivos* transfers illusory. Our holding that respondent has no right of election would normally make academic the further issue as to whether or not respondent lost such right by her abandonment of the testator (Decedent Estate Law § 18, subd. 5). If we were to reach this issue it would be held that the conclusion of the Surrogate that appellant had failed to establish an abandonment was contrary to the proof. The Surrogate has yet to hold a hearing upon the issue of whether the transfers set out in Schedule E of the executor's account and to which respondent has filed objection are illusory and thus recoverable by the executor. That issue should not be decided at this time and should await a hearing at which time respondent will have an opportunity to develop the relevant facts. (Appeal from decree of Chautauqua Surrogate granting right of election to surviving spouse; also appeals from order denying motion to resettle decree and from order granting motion to vacate prior order denying resettlement.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.